```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANDREW VOLPE,

                    Plaintiff,

     -against-                                    MEMORANDUM AND ORDER
                                                  09-cv-2061 (JFB) (WDW)
POLICE OFFICER HEATHER JOHNSON OF                 09-cv-2063 (JFB) (WDW)
PAROLE, DETECTIVE PEEKEN OF THE FIFTH             09-cv-2065 (JFB) (WDW)
PRECINCT, POSTAL INSPECTOR GUILIPI [sic]          09-cv-2066 (JFB) (WDW)
OF THE POSTAL SYSTEM, NEW YORK STATE              09-cv-2067 (JFB) (WDW)
PAROLE, POLICE OFFICER JOHNSON,
POLICE OFFICER HENDERSON, POLICE
OFFICER SUPERVISOR MULDOON, THE
FIFTH PRECINCT, DETECTIVE PEEK,
SUFFOLK COUNTY CORRECTIONAL
FACILITY, DOWNSTATE CORRECTIONAL
FACILITY, MS. ROSS, COUNSELOR AT DSCF,
TWO LAWYERS AT LEGAL AID, SUSAN
AMBRO, AND DEBBIE MONESTENO,

                    Defendants.
----------------------------------X
```

**FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ JUN 18 2009 ★ LONG ISLAND OFFICE**

JOSEPH F. BIANCO, District Judge:

Plaintiff has brought five *pro se* actions in this Court involving substantially similar parties and claims. Plaintiff has sought *in forma pauperis* status in all five cases, which the Court has granted in actions with docket numbers 09-cv-2061 and 09-cv-2066. Having reviewed plaintiff's declarations in support of his applications to proceed *in forma pauperis*, the Court finds that he is qualified to commence these actions without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's requests for permission to proceed *in forma pauperis* for cases with docket numbers 09-cv-2063, 09-cv-2065 and 09-cv-2067 are GRANTED. Furthermore, in the interests of judicial economy, as set forth in more detail below, the Court *sua sponte* orders that the Clerk of Court consolidate these five cases under the docket number 09-cv-2065 (JFB) (WDW).

Based on its review of plaintiff's complaints, the Court has surmised the following:

Andrew Volpe, plaintiff *pro se*, filed a complaint in this Court on April 30, 2009, against "Police Officer Heather Johnson of Parole," "Detective Peeken of the Fifth Precinct," and "Postal Inspector Gulipi of the Postal System," pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights when they forced him to relinquish his five cell phones and blue tooth headsets. *See Volpe v. Police Officer Heather Johnson, et al*, 09-cv-2065 (E.D.N.Y. filed April 30, 2009).

On May 4, 2009, plaintiff filed suit against "Downstate Correctional Facility" and the "New York Division of Parole," pursuant to 42 U.S.C. § 1983, alleging that defendants miscalculated his sentence, improperly denied him release, and improperly denied him release without parole. *See Volpe v. Downstate Correctional Facility, et al*, 09-cv-2066 (E.D.N.Y. filed May 4, 2009).

On May 15, 2009, plaintiff filed suit against the "New York State Parole," "Police Officer Johnson," "Police Officer Henderson," "Police Officer Supervisor Muldoon," the "Fifth Precinct," "Detective Peek," "Postal Inspector Gulipi," "Suffolk County Correctional Facility," "Downstate Correctional Facility," "Ms. Ross - counselor DSCF," "two lawyers at Legal Aid," "Susan Ambro," and "Debbie Monesteno," alleging violations of 42 U.S.C. § 1983. *See Volpe v. New York State Parole, et al*, 09-cv-2061 (E.D.N.Y. filed May 15, 2009). Plaintiff alleges that defendants violated his rights when he was falsely arrested, denied release, forced to take a plea agreement, and forced to relinquish his cell phones while still accruing charges on his two year cell phone contract. *Id.*

On the same day, plaintiff filed a second complaint against the "Downstate Correctional Facility," pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights when he was forced to cut his hair and beard against his religious beliefs. *See Volpe v. Downstate Correctional*

*Facility*, 09-cv-2063 (E.D.N.Y. filed May 15, 2009).

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). Moreover, a "district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*." *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin*, 175 F.3d at 130 (internal citations omitted). Cases may be consolidated even where, as here, certain defendants are named in only one of the complaints. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004). The paramount concern, however, is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to

dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp.2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam*, 950 F.2d at 92; *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, plaintiff has brought five complaints against many common defendants, alleging often repetitive claims relating to his arrest, sentence, confiscation of property, and the cutting of his hair and beard. All claims relate either to his latest arrest, his trial, and/or the conditions of his incarceration and all are brought pursuant to Section 1983. Accordingly,

IT IS HEREBY ORDERED that the Clerk of Court consolidate the five above-captioned cases under the first case filed, docket number **09-cv-2065 (JFB) (WDW)**; and

IT IS FURTHER ORDERED that the Clerk of Court shall close the cases with docket numbers: 09-cv-2061 (JFB) (WDW), 09-cv-2063 (JFB) (WDW), 09-cv-2066 (JFB) (WDW), and 09-cv-2067 (JFB) (WDW), and direct any further filings in these cases to **09-cv-2065 (JFB) (WDW)**; and

IT IS FURTHER ORDERED that to the extent not already granted, plaintiff is granted leave to file the five complaints without prepayment of the $350.00 filing fees or security; and

IT IS FURTHER ORDERED that the Clerk of the Court forward to the United States Marshal for the Eastern District of New York copies of plaintiff's summons and complaints for cases 09-cv-2063 (JFB) (WDW), 09-cv-2065 (JFB) (WDW), and 09-cv-2067 (JFB) (WDW), and this

Order for service upon the defendants without prepayment of fees.

SO ORDERED.

/s/ Joseph F. Bianco
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:   June 18, 2009
         Central Islip, New York